UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES MACK TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  No. 1:22-cv-01332-JPH-TAB |
| SHANE NELSON, | ) ) ) |
| Defendant. | ) |

**ORDER DENYING SECOND EMERGENCY MOTION
TO RECONSIDER CLOSED JUDGMENT**

Plaintiff Charles Taylor filed this civil rights action pursuant to 42 U.S.C. § 1983. Dkt. 1. The Court dismissed this action without prejudice on September 16, 2022, for Mr. Taylor's failure to renew his motion for leave to proceed *in forma pauperis* by providing his trust account statement, or in the alternative to pay the $402.00 filing fee. Dkt. 9; dkt. 10. Mr. Taylor now seeks reconsideration of the Court's dismissal of this action for a second time.

Like his first motion, Mr. Taylor appears to argue that he completed a request for interview form that he submitted to his caseworker to request a copy of his trust fund account. Dkt. 13 at 1. He believes this request for interview form, which he submitted to the Court at docket 7, is a certified statement because it included a facility official's signature and has a dollar amount of $31.01 written in the action section of the form. *Id.* The form does not explain what the monetary total represents or how it was calculated. *Id.* And as the Court previously explained, this form is not a certified copy of the transactions associated with Mr. Taylor's institution trust account for the 6-month period preceding the filing of this action. *See* 28 U.S.C. § 1915(a)(2). Mr. Taylor was permitted multiple opportunities to correct his deficient motion for leave to proceed *in forma*

*pauperis* so that the Court could properly consider his eligibility to proceed without prepayment of the filing fee, but he did not do so in the extended time provided. Dkt. 5; dkt. 8.

The Court has given Mr. Taylor's requests to reconsider due consideration. Motions to reconsider "will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovery evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). Mr. Taylor fails to establish either of those circumstances. Therefore, his second motion for reconsideration, dkt. [13], is **DENIED**.

The Court has instructed Mr. Taylor that if he wishes to pursue the claims alleged in his complaint, he may initiate a new civil action. **This action remains closed**. Any future motions seeking relief on the same basis will be summarily denied.

**SO ORDERED.**

Date: 12/9/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHARLES MACK TAYLOR
994511
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362